MARY VANDE POLDER AND JACOB VANDE POLDER, PLAINTIFFS-RESPONDENTS, v. MARINUS VAN BEVEREN, DEFENDANT-APPELLANT.

Submitted May 27, 1932—Decided October 17, 1932.

For the plaintiffs-respondents, *Ward & McGinnis* (*Peter J. McGinnis*, of counsel.

For the defendant-appellant, *Kellogg & Chance*.

The opinion of the court was delivered by

KAYS, J. This is an appeal from a judgment entered in the New Jersey Supreme Court in an action tried at the Passaic County Circuit before Judge Harley, to whom it was referred for trial, and a jury.

The action was brought by the plaintiff Mary Vande Polder, against the defendant, Marinus Van Beveren, to recover compensation for injuries resulting from an automobile accident whereby the plaintiff was injured. The facts in the case were, that on December 14th, 1929, the defendant, being the owner of an automobile, started a trip in the automobile to Liberty, New York, from his home in Passaic, New Jersey. The husband of the plaintiff had been ill at Liberty, New

York, and had recovered sufficiently to return home. The defendant was a brother-in-law of the plaintiff through marriage to the plaintiff's sister. A conversation took place between the plaintiff Mary Vande Polder and the defendant, Van Beveren, relative to the husband of the plaintiff being able to return home, in which the defendant said, "all right, I will go up there Saturday," and then said to the plaintiff that she might go with him. When this was said by the defendant the plaintiff replied, "all right, I will go along." This conversation took place a few days before the trip. Some time thereafter and before the trip was begun the defendant told the plaintiff that another brother-in-law by the name of Frane was also to be a party on the trip. When the plaintiff learned this she said to the defendant, "all right, let him go along, I will stay home." Defendant then replied, "no, nothing doing; you go along." The defendant then had a conversation with a son of the plaintiff in which he said to the son, "will you go up there with me and help me drive, because it is too much for me to drive back and forth." The son of the plaintiff consented to do this. The defendant drove his car from his own home to the home of the plaintiff. The plaintiff and her son both testified that the son accompanied the defendant on the trip because he was asked to do so by the defendant and that he drove the car at the defendant's request. It appears in the case that there was evidence that the son of the plaintiff, who was driving the car, was negligent and that while the son was proceeding down a hill he turned sharply to the right to avoid another car, as a result of which the car in which the plaintiff was riding and which was being driven by her son crashed into a tree and the plaintiff Mary Vande Polder was injured. At the close of the plaintiff's case a motion was made by counsel of the defendant for a direction of a verdict in favor of the defendant which was also denied by the trial court. The court submitted the case to the jury and the jury returned a verdict in favor of the plaintiff and against the defendant for the sum of $2,944.18. From the judgment the defendant appeals here.

The grounds of appeal are, that the judge erred both in refusing to grant a nonsuit and also in refusing to direct a verdict for the defendant. Appellant's counsel argues that inasmuch as the automobile was being driven by plaintiff's son at the time of the accident, the son was the agent of the plaintiff, and the fact that the defendant owned the automobile furnished no basis for liability. He also argues that in order to place liability on the owner of the car the car must have been driven on the business of the owner and actually serving the owner at the time. He states that the car was being driven for the benefit of Jacob Vande Polder, who was also a plaintiff as the husband of Mary Vande Polder, and that even though the son of the plaintiff was the servant of the defendant, the defendant still would not be liable for the reason that the purpose of the trip was to take one of the plaintiffs, Jacob Vande Polder, to his home in Paterson.

We are of the opinion that the trial court properly refused a motion for nonsuit and also properly refused to direct a verdict in favor of the defendant. It was a question of fact in the first place whether the son of the plaintiff was the agent of the defendant and whether or not the plaintiff was an invitee. There was no evidence in the case of willful injury by the driver of the car to the plaintiff. It, therefore, appears that if the son of the plaintiff was the agent of the defendant and the plaintiff was an invitee of the defendant, the defendant would be liable for the injuries sustained by the plaintiff as the defendant volunteered to make the trip and made it his business to endeavor to return Jacob Vande Polder to his home. These questions were submitted to the jury for consideration. We think there was sufficient evidence to go to the jury on questions of fact.

The judgment below is therefore affirmed, with costs.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 13.

*For reversal*—None.